IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA BANKS, individually, and R.B., a minor, by and through his parent and legal guardians JESSICA BANKS. <br> *Plaintiffs* <br><br> v. <br><br> DANIEL HERBRICH, in his individual capacity, ROBIN WILLIAMS, in her individual capacity, LINDA JUAREZ, in her individual capacity, and MICHAEL MATCHETT, in his individual capacity. <br> *Defendants* | § § § § § § § § § § § § § | CIVIL ACTION NO.: 4:18-CV-02023 |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW, Plaintiffs Jessica Banks ("Banks"), individually and R.B., a minor, by and through his parent and legal guardian, Jessica Banks, and file this, their Plaintiffs' Original Complaint, and respectfully show the Court as follows:

## PARTIES

1.  Plaintiff, Jessica Banks, is the mother of R.B. Banks brings this suit in both her individual capacity and on behalf of R.B., in her capacity as R.B.'s parent and legal guardian.

2.  Plaintiff, R.B. is a minor and the natural born daughter of Banks.

3.  Daniel Herbrich ("Herbrich") is an investigator for the Texas Department of Family and Protection Services (the "Department") in and around Fayette County, Texas. Daniel Herbrich may be served with process at 3809 E. Loop 150, Ste. 102, Bastrop, Texas 78602. Plaintiffs request service of process be issued and served on Herbrich if he fails to waive service under Rule 4(d) of the Federal Rules of Civil Procedure.

4. Robin Williams ("Williams") is an investigator for the Department in and around Fayette County, Texas. Robin Williams may be served with process at 3809 E. Loop 150, Ste. 102, Bastrop, Texas 78602. Plaintiffs request service of process be issued and served on Williams if she fails to waive service under Rule 4(d) of the Federal Rules of Civil Procedure.

5. Linda Juarez ("Juarez") is a supervisor overseeing investigations of child abuse and neglect by the Department in and around Fayette County, Texas. Linda Juarez may be served with process at 219 Bufkin Ln., Lockhart, Texas 78644. Plaintiffs request service of process be issued and served on Juarez if she fails to waive service under Rule 4(d) of the Federal Rules of Civil Procedure.

6. Michael Matchett ("Matchett") is a supervisor overseeing investigations of child abuse and neglect by the Department in and around Fayette County, Texas. Matchett may be served with process at 2423 Williams Dr., Ste. 137, Georgetown, Texas 78628. Plaintiffs request service of process be issued and served on Sandoval if she fails to waive service under Rule 4(d) of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

7. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §1343(3) (civil rights).

8. Venue is proper in the Southern District of Texas, Houston Division as this is the district in which the claims outlined herein arose. 29 U.S.C. § 1391(b).

## STATEMENT OF FACTS

9. On June 19, 2016, the Department, through the Defendants herein, removed R.B., without a court order from Banks despite the fact there was no immediate danger to the physical

health or safety of R.B which violated their Constitutional rights to be free from unreasonable searches and seizures, to the care and custody of the Children, and to family integrity.

A.     **The Intake and Investigation.**

10.    On June 10, 2016, the Department received an "intake" in which someone made a litany of allegations concerning Banks's care of R.B. including: Banks drank and used drugs in R.B.'s presence, other people in Banks's home used cocaine, Banks hit R.B. hard on the back of his head, Banks pulled R.B.'s hair, Banks had threatened to kill R.B., Banks was a stripper and a prostitute, R.B. was underweight and malnourished, and R.B. (a four year old) was dirty from being outside.

11.    The Department did not initiate its investigation into these allegations until June 15, 2016.

12.    On June 15, 2016, Williams attempted to contact Banks at 642 Berger Road in La Grange, Texas, which Williams believed to be Banks's residence.

13.    When she arrived, Williams encountered an individual who claimed to not know Banks or R.B.

14.    Meanwhile, Herbrich had received information that Banks would appear before the Fayette County Grand Jury later that day as she had been subpoenaed to appear as a witness.

15.    Williams traveled to the Fayette County Courthouse and met Banks in the lobby.

16.    Banks explained to Williams that she had been subpoenaed by the Grand Jury concerning an altercation between her mother and her mother's paramour.

17.    When questioned about the allegations concerning her care of R.B., Banks generally denied the allegations and specifically denied that she used drugs or hit her son on the back of the head.

18. Banks did acknowledge that some members of her family had a history of drug use, but she was not aware of it occurring in the presence of R.B.

19. Banks further stated that because of this history, and the number of people sometimes living at the Berger Road address, she had recently moved to Houston with R.B. and her boyfriend.

**B.     The Removal.**

20. Two days later, on June 17, 2016, Williams spoke with her supervisor, Juarez, concerning the how to proceed with the investigation.

21. Juarez directed Williams, along with Herbrich, to confer with Supak to see if there were grounds for an "emergency" removal of R.B. from Banks.

22. Later the same day, Williams, Herbrich, Juarez, and the Fayette County District Attorney, Peggy Supak, had a telephone conference in which Supak informed the others that Banks had testified before the grand jury that she lived at the Berger Road address.

23. Moreover, the decision was made to conduct an emergency removal of R.B. if Banks could not provide an appropriate Parent Child Safety Placement.

24. Beginning after this phone conference, Williams and Herbrich began attempting to locate Banks.

25. On June 17, 2016, Williams and Herbrich went by the Berger Road Address several times over three hours but were unable to find anyone at the home.

26. The next day, Williams again attempted to locate Banks and R.B. at the Berger Road address but found no one there besides a white goat and some pit bulls.

27. On June 19, 2016, Hebrich, along with deputies from the Fayette County Sheriff's Office arrived at the Berger Road Address to find R.B. playing outside under the supervision of Banks's mother and her paramour.

28. Banks's mother explained that Banks was in the process of moving out of the Berger Road Address.

29. Banks arrived at the residence and Herbrich informed her that she must identify someone who could take possession of R.B. or he would remove R.B. from her.

30. Williams arrived on at the Berger Road Address a short-time after Banks.

31. Williams and Herbrich rejected each possible placement identified by Banks.

32. After several hours, Williams notified Banks that they could not "wait all night," and that they would have to remove R.B.

33. Herbrich contacted his supervisor, Matchett, who advised that Banks had been given enough time to locate an appropriate placement for R.B. and directd that Herbrich and remove R.B.

34. Williams, along with the two sheriff's deputies entered the residence and removed R.B. from Banks.

C. **No Exigent Circumstances.**

35. To be clear, Banks did had not consent to have R.B. removed by Williams and Herbrich.

36. Williams and Herbrich did not return R.B. to Banks in spite of the fact that they had not previously obtained any sort of court order or warrant.

37. There were no exigent circumstances present on June 19, 2016, which would have justified the Department's removal of R.B. from Banks without either her consent or a court order.

5

38. The Department's policy, derived directly from Fifth Circuit case law, is that exigent circumstances exist only when a child is in imminent danger of physical or sexual abuse.

39. Here, on June 19, 2016, there were no circumstances indicating that R.B. was in imminent danger of physical or sexual abuse.

40. Moreover, no reasonable official in Williams, Herbrich, Juarez, or Matchett's position could have not known that their actions in removing R.B. without a court order, parental consent, or the existence of exigent circumstances violated Banks's and R.B.'s Constitutional rights.

**D.     Supervisor Involvement.**

41. Williams and Herbrich made both Juarez and Matchett aware of the factual information they had gathered.

42. Juarez and Matchett both either made or approved of the decision to remove R.B.

43. Juarez and Matchett both made their decisions with full knowledge of all of the facts, including the absence of exigent circumstances.

44. Any official in Juarez and Matchett's position would have known that their decision to remove R.B. violated Bank's and R.B.'s Constitutional rights.

**E.     State Court Suit.**

45. On June 20, 2016, the Department filed a new suit for protection in Cause No. 2016V-184; *In the Interest of [R.B.], a Child*; In the 155th Judicial District Court of Fayette County, Texas.

46. The Department returned R.B. to Banks and the district court dismissed the case on February 14, 2018.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983

47. The Department's removal of R.B. from Banks, on June 19, 2016, violated the rights of both R.B. and Banks. Williams, Herbrich, Juarez, and Matchett, all employees and agents for the Department, acted under color of state law when they conducted the removal. Williams, Herbrich, Juarez, and Matchett's removal of R.B. without a court order, warrant, or exigent circumstances violated Plaintiffs' rights to be free from unreasonable searches and seizures. These rights are protected by the Fourth Amendment of the United State Constitution and incorporated and applied to the State of Texas through the Fourteenth Amendment. Moreover, Banks has a fundamental liberty interest in the care and custody of R.B., and both Plaintiffs have a right to integrity of the family. These rights are protected by the Fourteenth Amendment of the United States Constitution.

48. As a result of the unlawful and wrongful acts of Williams, Herbrich, Juarez, and Matchett; Banks and R.B. have suffered general damages including, but not limited to, physical and emotional injury, pain and suffering, severe emotional and mental distress, and shock. Moreover, Williams, Herbrich, Juarez, and Matchett's conduct justifies the imposition of punitive damages.

### ATTORNEYS' FEES

49. Additionally, Plaintiffs request the award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

# **PRAYER**

50. For these reasons, Plaintiffs respectfully request that Defendants be cited to appear and that upon a trial, the Court:

   a. award Plaintiffs damages against Defendants Williams, Herbrich, Juarez, and Matchett, jointly and severally;

   b. award Plaintiffs punitive damages against Defendants Williams, Herbrich, Juarez, and Matchett, jointly and severally;

   c. award Plaintiff attorneys fees and costs;

   d. award Plaintiff pre-judgement and post-judgement interest; and,

   e. award Plaintiffs any other relief at law or in equity to which they may show themselves entitled.

Respectfully submitted,

**CLOVER & MARAK PLLC**

By:       /s/ Joshua S. Clover
   Joshua S. Clover
   State Bar No. 24045668
   josh@clovermarak.com
   P.O. Box 2548
   Brenham, Texas 77834
   979-836-7733
   888-227-1147 (fax)
ATTORNEY FOR PLAINTIFFS